**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1204-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MIGUEL A. SOTO,

    Defendant-Appellant.

_____

Submitted September 14, 2016 — Decided April 21, 2017

Before Judges Messano and Espinosa.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment No.
13-01-0112.

Joseph E. Krakora, Public Defender, attorney
for appellant (Michele E. Friedman, Assistant
Deputy Public Defender, of counsel and on the
brief).

Andrew C. Carey, Middlesex County Prosecutor,
attorney for respondent (Susan Berkow, Special
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Following a jury trial, defendant was convicted of N.J.S.A.

2C:40-26(b), operating a motor vehicle while his license was

suspended for a second or subsequent violation of <u>N.J.S.A.</u> 39:4-50 (driving under the influence, or DWI). The trial judge separately found him guilty of violating <u>N.J.S.A.</u> 39:3-40 (failure to yield to a pedestrian in a crosswalk) and <u>N.J.S.A.</u> 39:4-36 (driving while privileges are suspended). He appeals from his convictions and sentence, presenting the following arguments:

<u>POINT I</u>

THE PROSECUTOR'S REJECTION OF MR. SOTO'S PTI APPLICATION WAS ROOTED IN THE FLAWED NOTION THAT ALL INDIVIDUALS CHARGED WITH VIOLATING <u>N.J.S.A.</u> 2C:40-26 SHOULD BE PRESUMPTIVELY INELIGIBLE FOR PTI. BECAUSE THE PROSECUTOR'S SYSTEMATIC DENIAL OF SUCH APPLICATIONS AMOUNTS TO A <u>PER SE</u> RULE EXCLUDING A CLASS OF PTI APPLICANTS, THE STATE'S REFUSAL TO SANCTION MR. SOTO'S ADMISSION INTO PTI CONSTITUTES A PATENT AND GROSS ABUSE OF DISCRETION THAT MUST BE REVERSED. (PARTIALLY RAISED BELOW).

A. THE PROSECUTOR'S REFUSAL TO ADMIT MR. SOTO INTO PTI WAS PREMISED ON THE FAULTY BELIEF THAT A PRESUMPTION AGAINST PTI ADMISSION SHOULD EXIST FOR ALL INDIVIDUALS CHARGED WITH VIOLATING <u>N.J.S.A.</u> 2C:40-26 AND A MISAPPLICATION OF THE PTI FACTORS.

B. IN EFFECT, THE PROSECUTOR'S UNDUE EMPHASIS ON THE CHARGED <u>N.J.S.A.</u> 2C:40-26 VIOLATION AMOUNTS TO A <u>PER SE</u> BAR TO PTI ADMISSION.

<u>POINT II</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING THE STATE TO INTRODUCE EVIDENCE LINKING MR. SOTO TO THE CHARGES, WHICH WAS NOT TURNED OVER TO THE DEFENSE UNTIL THE SECOND AND THIRD DAYS OF TRIAL.

<u>POINT III</u>

EXTENSIVE PROSECUTORIAL MISCONDUCT DEPRIVED MR. SOTO OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL. (PARTIALLY RAISED BELOW).

    A.  THE STATE IMPERMISSIBLY DENIGRATED THE DEFENSE.

    B.  THE STATE IMPERMISSIBLY ENCOURAGED THE JURY TO CONVICT MR. SOTO BASED UPON HIS SUPPOSED PROPENSITY TO MAKE BAD CHOICES.

    C.  THE CUMULATIVE EFFECT OF THE PROSECUTORIAL MISCONDUCT WARRANTS REVERSAL OF THE CONVICTIONS.

<u>POINT IV</u>

THE SENTENCING COURT ERRED IN FAILING TO MERGE THE <u>N.J.S.A.</u> 39:3-40 CONVICTION INTO THE <u>N.J.S.A.</u> 2C:40-26 CONVICTION.

Although separate fines and penalties are appropriate for defendant's convictions, we agree that defendant's conviction under <u>N.J.S.A.</u> 39:3-40 should merge into his conviction for violating <u>N.J.S.A.</u> 40:26(b). Therefore, we remand for a correction of his judgment of conviction. We have considered defendant's

remaining arguments in light of the facts and applicable legal principles and affirm his convictions and sentence in all other respects.

## I.

Defendant first argues that the Prosecutor's denial of his application for admission into the pretrial intervention program (PTI) constituted a patent and gross abuse of discretion because the Prosecutor essentially applied a per se rule against admitting anyone charged with violating N.J.S.A. 2C:40-26. He argues further that the Prosecutor misapplied a number of the factors applicable to the review of his application, N.J.S.A. 2C:43-12(e). We disagree.

## A.

"[A]cceptance into PTI is dependent upon an initial recommendation by the Criminal Division Manager and consent of the prosecutor," following an assessment conducted under the PTI Guidelines, R. 3:28, that includes the consideration of factors listed in N.J.S.A. 2C:43-12(e). State v. Roseman, 221 N.J. 611, 621 (2015). The prosecutor must "make an individualized assessment of the defendant considering his or her '"amenability to correction" and potential "responsiveness to rehabilitation."'" Id. at 621-22 (quoting State v. Watkins, 193 N.J. 507, 520 (2008)). However, because "PTI is essentially an extension of the charging

decision," State v. Rizzitello, 447 N.J. Super. 301, 313 (App. Div. 2016) (quoting Roseman, supra, 221 N.J. at 624),

> the prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference. Trial courts may overrule a prosecutor's decision to accept or reject a PTI application only when the circumstances "'clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion.'"
>
> [Roseman, supra, 221 N.J. at 624-25 (citations omitted).]

### B.

Upon review of defendant's application for PTI, the Criminal Division Manager did not recommend his admission into the program. The reasons stated for this conclusion were (1) a violation of N.J.S.A. 2C:40-26 carries a mandatory minimum sentence of 180 days during which defendant would not be eligible for parole and (2) defendant's multiple periods of driver's license suspensions (360 days on May 30, 1990; 730 days on October 29, 1993; 3650 days on November 18, 1998).

The Prosecutor's Office rejected defendant's application for admission into PTI. In his letter to defense counsel, the assistant prosecutor advised, "we must agree with the reasons stated in the program's report recommending rejection and we

specifically incorporate those reasons in our decision to deny consent for diversion."

Defendant appealed his rejection to the Law Division.  He submitted he was an appropriate candidate for PTI because he would meet many of the criteria under N.J.S.A. 2C:43-12(e) and that his participation in supervisory treatment would benefit him and society.  Although he spoke of the goal of PTI to deter criminal behavior through short-term rehabilitative work or supervision, he did not identify any specific form of rehabilitative service that would serve that purpose in his case.  He asserted he was "now living a crime free, alcohol and substance abuse free life" and provided a number of supportive letters from family and friends.

In opposition, the Prosecutor's Office submitted a fifteen-page letter brief that addressed each of the factors set forth in N.J.S.A. 2C:43-12(e).  The Prosecutor's principal argument was that a charge of violating N.J.S.A. 2C:40-26 is subject to a presumption against admission into PTI that was properly applied in this case:

> Defendant undoubtedly broke the law . . . simply by driving with a suspended license after it had been suspended 3 times previously.  To allow defendant PTI for a violation of this statute would reward someone who has already broken the law on three other occasions, has a history of driving while under the influence, and appears undeterred

6                                          A-1204-14T2

by non-custodial punishment. Clearly, this
would not be consistent with the legislative
intent in enacting the statute.

The Prosecutor's letter went on to reflect consideration of each of the factors set forth in N.J.S.A. 2C:43-12(e). Although the discussion of these factors frequently focused on the nature of the offense, the discussion was not limited to that factor. There was acknowledgment that defendant had no history of physical violence or involvement with organized crime, N.J.S.A. 2C:43-12(e)(12) and (13), and that both N.J.S.A. 2C:43-12(e)(15) and (16) were not applicable. We summarize some of the other findings:

Addressing N.J.S.A. 2C:43-12(e)(5) and (6) (the existence of personal problems and character traits and availability of treatment), the Prosecutor remained skeptical about defendant's commitment to addressing the problem underlying his three prior convictions for DWI, noting he did not seek treatment until eighteen months after he was charged in this case. The Prosecutor was also "not satisfied" that defendant had fully "recognized his problem extends past the use of alcohol and extends to failure to comply with the law, which clearly endangers the welfare of anyone else on the road."

The Prosecutor also found defendant's actions constituted a continuing pattern of anti-social behavior, N.J.S.A. 2C:43-12(e)(8), that now included criminal behavior. In support of that

finding, the Prosecutor cited defendant's series of license suspensions for DWI.

In Rizzitello, supra, 447 N.J. Super. at 305, the prosecutor advanced two reasons for rejecting the PTI application of a defendant who was similarly charged: "(1) defendant's history of defying court-ordered suspensions of his driving privileges for driving while under the influence of alcohol; and (2) the presumption against admission into PTI that applies to those charged under N.J.S.A. 2C:40-26(b)." We rejected the prosecutor's argument that this charge carries a presumption against admission into PTI. Id. at 312-13. However, we also concluded that, given the deferential standard applicable to the prosecutor's decision, it was not a patent and gross abuse of discretion for the prosecutor to reject the defendant's PTI application based upon the fact that the "history of Title 39 violations . . . reveal[ed] defendant's multiple instances of defiance of court-ordered suspensions of his driving privileges." Id. at 316.

Defendant's driver's abstract for the period from January 1987 through November 2018 reveals four arrests for DWI. The second of those arrests occurred just seven months after the suspension of his driving privileges had ended. The third arrest for DWI occurred in 1994, approximately one year into a two-year suspension. In short, the incident that gave rise to his being

A-1204-14T2

charged with N.J.S.A. 2C:40-26 was not an isolated occurrence. We are satisfied that the Prosecutor's rejection of defendant's PTI application did not constitute a patent and gross abuse of discretion, based upon the defendant's record of violations and the additional factors considered by the Prosecutor.

## II.

We next address defendant's challenge to the trial court's evidentiary ruling presented in Point II.

Andrew Feller, the supervisor of the Transmittal Unit at the New Jersey Motor Vehicle Commission (MVC), testified about the motor vehicle abstract he retrieved from MVC's records for "Miguel Soto." He stated the abstract revealed four suspensions for DWI. He testified that the notices of suspension for three of the suspensions were mailed to defendant at an address on Amboy Avenue, Perth Amboy and a fourth notice of suspension was sent to him at an address on New Brunswick Avenue in Perth Amboy. Feller also confirmed that defendant's driving privileges were suspended as a result of a conviction for DWI on the date of his arrest.

On cross-examination, Feller conceded he could not identify defendant as the "Miguel Soto" who was the subject of the license suspensions. The tone of the cross-examination suggested that the defense intended to argue that defendant was not the person whose license was suspended multiple times and to whom notices had been

sent, despite the following exchange between the prosecutor and defendant during a suppression hearing:

> Q.   Now, at the time that all of this happened and you're driving the car, you do recognize that you were suspended, you weren't supposed to be driving, correct?
>
> A.   Yes.

On the day after Feller's testimony, the assistant prosecutor advised the trial judge that the State was surprised by the cross-examination of Feller and the defense it implied. She advised that Feller conducted an additional search of MVC records and discovered documents that established defendant's identity. The trial judge reviewed the records produced by the State and carefully considered the arguments of counsel. He concluded there was no bad faith on the part of the State in producing the documents at that juncture in the trial, that the evidence had "probative value" that was not "outweighed by trial integrity issues," was "not unduly prejudicial or that much o[f] a surprise."

The State was then permitted to elicit testimony from Feller and admit documents that showed the following. On October 1, 2013, defendant went to an MVC center to obtain a non-driver's identification card and provided a birth certificate to authenticate his identity. His photograph was taken and a new license number was issued to reflect his middle initial, changing only two numbers from his prior license. Defendant signed a Motor

Vehicle Commission Fee Payment Authorization form, verifying that he was advised he had three or more DWIs on his driver history, and received a copy. The documents also included a driver status form for defendant, detailing identifying information and his period of license suspension.[1]

Defendant contends this evidence was "highly prejudicial [and] exceedingly late discovery." He argues that its admission deprived him of his constitutional right to due process and a fair trial. We disagree.

A trial court's evidentiary rulings are "entitled to deference absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment." State v. Marrero, 148 N.J. 469, 484 (1997). It is beyond cavil that the evidence was relevant as proof that defendant was the Miguel Soto whose license had been suspended as the result of DWI convictions. The record supports the credibility of the State's contention that it was surprised by the apparent defense that put identity in issue. Although Rule 3:13-3(f) permits a judge to bar the introduction of material that has not been timely produced, it does not require that outcome.

---

[1] Defendant also objected to the mid-trial production of an order from the Edison Municipal Court signed by defendant confirming that he received notice of the fourth period of license suspension imposed in 2006, and moved for a mistrial. Defendant has not challenged the admission of that document or the denial of his motion for a mistrial on appeal.

The trial judge's determination reflected thoughtful consideration of the issue and circumstances and was followed by an appropriate limiting instruction. We discern no abuse of discretion.

III.

Defendant identifies two portions of the prosecutor's summation that he contends deprived him of his constitutional right to a fair trial. This argument lacks merit.

In our review of the prosecutor's comments, the factors to be considered include: "whether 'timely and proper objections' were raised, whether the offending remarks 'were withdrawn promptly,' . . . whether the trial court struck the remarks and provided appropriate instructions to the jury, . . . [and] whether the offending remarks were prompted by comments in the summation of defense counsel." State v. Smith, 212 N.J. 365, 403-04 (2012) (citations omitted).

The first argument relates to comments defendant characterizes as denigrating the defense. Defendant contends the prosecutor "insinuate[ed] that defense counsel acted deceitfully" in cross-examining Feller in these comments:

> But the defense says, while my witness is on the stand, but these aren't all the documents; are they? Which makes you wonder, well, what else might the MVC have related to Miguel A. Soto? So, Mr. Feller went back and he looked and he found that the defendant went back to the DMV . . . [o]n October 1st, 2013.

> And on that date he got a nondriver ID.
> But guess who knew that the whole time that
> Andrew Feller was on the stand? The defendant
> knew it. Who didn't know it? State didn't
> know it, because we weren't looking for it,
> because this incident happened in 2011. So,
> when it comes to a snow blower, a snow machine
> making snow, I submit to you that the
> defendant is the person who got the water, put
> it in the snow blower, turned it on, made it
> cold, blew snow. But he wanted to hide it.

Defense counsel objected, stating, "My client didn't testify. . . . And it's kind of a round about comment about my client testifying." He did not claim that the comments challenged here denigrated the defense or ask the court for any other relief. At the court's direction, the prosecutor moved on from that line of argument.

Defendant acknowledges that the reference to the snow blower was "in response to an analogy defense counsel made during closing arguments." The fact is that the comments as a whole were responsive to defense counsel's opening salvo. In his summation, he referred to the initial documents presented through Feller as selectively chosen by the State. He told the jury: the "State chose not to show you" twelve pages from the driver's complete history; "the State didn't want to show it to you"; "the DMV guy is looking for stuff and not giving it all to us"; the State is "giving you tidbits of information and not the whole story."

13

In reviewing the challenged comments, we note that the trial judge instructed the prosecutor to move on when the objection was made; the prosecutor did so; no further relief was requested by defense counsel and, the comments can fairly be viewed as a response to comments made by defense counsel in his summation. See State v. Engel, 249 N.J. Super. 336, 379 (App. Div.) (holding prosecutor's forceful statements in defense of integrity of investigation not error when made in response to defense counsel's summation comments describing State's case as a "big lie," "a disgrace," and "an outrage"), certif. denied, 130 N.J. 393 (1991).

Defendant also argues the prosecutor made improper references to his DWI convictions. He concedes that proof of a violation of N.J.S.A. 2C:40-26(b) required evidence that his driver's license was suspended for a second or subsequent DWI offense and that no objection was made to these comments.

"Failure to make a timely objection indicates that defense counsel did not believe the remarks were prejudicial at the time they were made" and "deprives the court of the opportunity to take curative action." State v. Timmendequas, 161 N.J. 515, 576 (1999) (citations omitted). As a result, when there is no objection, the comments challenged on appeal will generally not be deemed to be prejudicial. Ibid. We discern no reason to reach a different conclusion here. Defendant's convictions are affirmed. We remand

14

for a correction of defendant's judgment of conviction and do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1204-14T2