**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1707-14T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

DASEAN K. HARPER,

      Defendant-Appellant.

_____

Submitted October 11, 2018 - Decided November 13, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Salem County, Indictment No. 14-02-0056.

Joseph E. Krakora, Public Defender, attorney for appellant (Joshua D. Sanders, Assistant Deputy Public Defender, of counsel and on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dasean K. Harper appeals from the Law Division's rejection of his challenge to the Salem County Prosecutor's Office's (SCPO) denial of his application for admission to the pre-trial intervention (PTI) program, and from the judgment of conviction imposing a five-year sentence with a forty-two-month period of parole ineligibility for his conviction of unlawful possession of a handgun. We affirm.

I.

During a November 29, 2013 motor vehicle stop of a truck driven by defendant, police determined he had two outstanding warrants for his arrest. After being informed about the warrants, defendant advised the police he had a handgun. The police handcuffed defendant and recovered a handgun in a holster from the waistband of his pants. The handgun was loaded with four hollow-point bullets and two other bullets. A grand jury charged defendant in an indictment with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), and fourth-degree unlawful possession of hollow-point bullets, N.J.S.A. 2C:39-3(f).

Defendant applied for admission to the PTI program. The Criminal Division Manager recommended against defendant's admission, and the SCPO rejected the application. On June 6, 2014, the court heard argument on his

appeal of the rejection decision, and determined defendant failed to demonstrate the SCPO's decision constituted a patent and gross abuse of discretion. The court noted defendant's prior Pennsylvania conviction for unlawful possession of a handgun and further determined there was a presumption against defendant's admission into the PTI program because he was charged with a second-degree offense. The court found defendant failed to present clear and convincing evidence overcoming the presumption.

A jury convicted defendant of second-degree unlawful possession of a handgun and fourth-degree unlawful possession of hollow-point bullets. On September 15, 2014, the court imposed a five-year custodial term with a forty-two-month period of parole ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6(c), on his conviction for unlawful possession of a handgun, and a concurrent 364-day sentence on his conviction for possession of hollow-point bullets. Defendant appealed.

Seven months after filing his notice of appeal, defendant filed a motion requesting a limited remand for the trial court to reconsider its denial of his appeal from the SCPO's rejection of his PTI application. He also filed an emergent motion requesting bail pending appeal.

Defendant argued for the first time that his conviction for unlawful possession of the handgun was illegal because he was entitled to amnesty under L. 2013, c. 117, which "created a path for people to transfer or surrender firearms that they possessed unlawfully, during a fixed period of time." State v. Harper, 229 N.J. 228, 236 (2017). In an August 5, 2015 order, we noted the amnesty defense "was not raised during or after his trial" and ordered a temporary remand for the trial court to conduct a bail hearing, consider defendant's argument he was entitled to amnesty and reconsider its denial of defendant's appeal from the SCPO's rejection of his PTI application.

On remand, the trial court first granted defendant's request for bail pending appeal. The court subsequently issued orders finding the amnesty statute, L. 2013, c. 117, applied to the unlawful possession of a handgun charge, and vacated defendant's conviction on the charge "because the issue of amnesty was never presented to the finder of fact." The trial court did not reconsider its denial of defendant's appeal from rejection of his PTI application.

We denied the State's motion for a stay and leave to appeal. The Supreme Court granted the State's motion for leave to appeal, State v. Harper, 226 N.J. 205 (2016), reversed the trial court's order and reinstated defendant's conviction for unlawful possession of a handgun, concluding he waived the amnesty

4

defense by failing to assert it at trial and otherwise failed to establish he qualified for amnesty under the statute's express terms, Harper, 229 N.J. at 243. The Court remanded the matter "to address any outstanding issues." Id. at 244.

On July 13, 2017, we issued a sua sponte order "temporarily remand[ing] to the Law Division, Criminal Part to reconsider defendant's application for PTI" in accordance with "our [initial] August 5, 2015 order on defendant's motion for a limited remand." The Law Division scheduled remand hearings to address the issue, but in each instance defendant failed to appear.

On March 5, 2018, we issued an order finding that, due to defendant's failure to make "himself available to participate in the remand proceedings and [his] list[ing] . . . as an inactive fugitive," the "appellate proceedings have stalled due to the inability to complete remand proceedings." We vacated those "portions of [our] July 13, 2017 and August [5], 2015 orders that direct[ed] temporary remands . . . for the purpose of reconsidering defendant's application for PTI," and directed the clerk to "issue a scheduling order for the filing of merits briefs on the remaining issues."[1]

---

[1] Following the submission of the merits briefs from the State and defendant, we requested that the clerk's office inquire of the parties concerning defendant's fugitive status. In an October 15, 2018 letter, the SCPO advised that defendant was returned to custody "on or around August 15, 2018," and remains in custody.

In his merits brief, defendant presents the following arguments for our consideration:

POINT I

BECAUSE BOTH THE TRIAL COURT AND THE STATE FAILED TO EVALUATE [DEFENDANT'S] PTI APPLICATION IN LIGHT OF THE NEW JERSEY ATTORNEY GENERAL'S SEPTEMBER 24, 2014 "CLARIFICATION OF 'GRAVES ACT' 2008 DIRECTIVE WITH RESPECT TO OFFENSES COMMITTED BY OUT-OF-STATE VISITORS FROM STATES WHERE THEIR GUN-POSSESSION CONDUCT WOULD HAVE BEEN LAWFUL," REMAND FOR RECONSIDERATION OF [DEFENDANT'S] PTI APPLICATION IS NECESSARY.

POINT II

RESENTENCING IS NECESSARY BECAUSE THE STATE FAILED TO COMPLY WITH THE NEW JERSEY ATTORNEY GENERAL'S AUGUST 8, 2014 DIRECTIVE.

II.

Defendant first argues he is entitled to a remand for the court to reconsider its denial of his appeal from the SCPO's rejection of his PTI application. Defendant notes that we temporarily remanded the matter for the trial court to reconsider the rejection of his PTI application in our August 5, 2015 and July 13, 2017 orders, and argues we should do so again. We are not persuaded.

6

Defendant never moved for reconsideration of our March 5, 2018 order. See R. 2:11-6(a). Instead, in his merits brief, defendant attempts to indirectly obtain reconsideration of the order, arguing we should again grant a temporary remand for the court to reconsider the SCPO's denial of his PTI application. In any event, the record is bereft of any evidence supporting defendant's current remand request. It is undisputed our March 5, 2018 order afforded defendant the opportunity for a remand hearing to reconsider the denial of his PTI application, and that he chose not to participate by failing to appear,[2] absconding and becoming a fugitive.

We discern no basis to reconsider the March 5, 2018 order or remand for a hearing defendant previously opted not to attend in favor of being a fugitive, and defendant provides none. We therefore reject defendant's argument that we should temporarily remand for the court to reconsider its denial of defendant's appeal from the SCPO's rejection of his PTI application.

Defendant also argues the court erred by affirming the SCPO's rejection of his PTI application. "A determination for suitability and participation in the

---

[2] Defendant claims he could not attend the first scheduled remand hearing because he was in the emergency room of a hospital. He ignores, however, that he failed to appear on the rescheduled hearing date. He also does not dispute he was a fugitive when our March 5, 2018 order was entered.

A-1707-14T2

PTI program must be made 'under the Guidelines for PTI provided in <u>Rule</u> 3:28, along with consideration of [the seventeen non-exhaustive] factors listed in N.J.S.A. 2C:43-12(e).'" <u>State v. Rizzitello</u>, 447 N.J. Super. 301, 311 (App. Div. 2016) (quoting <u>State v. Roseman</u>, 221 N.J. 611, 621 (2015)). However, "PTI is essentially an extension of the charging decision, [and] therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function,'" <u>Roseman</u>, 221 N.J. at 624 (quoting <u>State v. Wallace</u>, 146 N.J. 576, 582 (1996)), over which a prosecutor has "broad discretion," <u>State v. K.S.</u>, 220 N.J. 190, 199 (2015).

A court's review of a prosecutor's decision denying a defendant admission into PTI is "severely limited" and designed to address "only the 'most egregious examples of injustice and unfairness.'" <u>State v. Negran</u>, 178 N.J. 73, 82 (2003) (quoting <u>State v. Leonardis</u>, 73 N.J. 360, 384 (1977)). "Trial courts may overrule a prosecutor's decision to accept or reject a PTI application only when the circumstances "'clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of ... discretion."'" <u>Roseman</u>, 221 N.J. at 624-25 (citations omitted); <u>see also</u> R. 3:28-6(b)(1).

"We must apply the same standard as the trial court." <u>State v. Waters</u>, 439 N.J. Super. 215, 226 (App. Div. 2015). We conduct a de novo review of a trial

court's decision affirming or rejecting a prosecutor's PTI admission decision. Ibid.

Defendant argues for the first time on appeal that the SCPO erred by rejecting his PTI application because his application should have been considered by the SCPO under the Attorney General's "Clarification of 'Graves Act' 2008 Directive with Respect to Offenses Committed by Out-of-State Visitors From States Where Their Gun-Possession Conduct Would Have Been Lawful" (September 24, 2014) (2014 Clarification).[3]  It is unnecessary to address the merits of defendant's contention that the 2014 Clarification provides support for his admission to PTI because the 2014 Clarification did not exist when the SCPO rejected defendant's application and the court denied defendant's appeal for the rejection decision.  The 2014 Clarification was not promulgated until September 24, 2014, more than three months after the court heard argument

---

[3]  The 2014 Clarification supplemented the "Attorney General Directive to Ensure Uniform Enforcement of the 'Graves Act'" (October 23, 2008) (2008 Directive), which provided guidance to prosecutors in determining when to consent to the admission to PTI of defendants charged with second-degree offenses, such as unlawful possession of handgun.  Id. at 8-9.  Defendant does not argue the SCPO erred by failing to apply the 2008 Directive.  It is therefore unnecessary to address the guidelines in the 2008 Directive because defendant does not contend that either the SCPO or the court erred by either failing to consider or apply them.  See Waters, 439 N.J. at 236 (explaining the guidelines set forth in the 2008 Directive).

and denied defendant's appeal from the SCPO's rejection decision on June 6, 2014, and nine days after defendant was sentenced on September 14, 2014.

As we explained in Waters, "the 2014 Clarification is simply a statement of the current policy of the Attorney General" that "does not change the criteria for PTI set forth in [N.J.S.A. 2C:43-12 to -13,] Rule 3:28 or the [PTI] Guidelines." 439 N.J. Super. at 238-39. "[T]he validity of a trial court's order regarding PTI must be determined based on the applicable law, not on subsequent changes in prosecutorial policy." Id. at 239. Changes in the Attorney General's policy following a prosecutor's denial of a PTI application does not allow a defendant to "argue the [denial] was invalid" based on the changes. Ibid. That is, however, precisely what defendant argues here. For that reason, and because defendant offers no other basis for his challenge to the SCPO's rejection decision, we are convinced defendant failed to satisfy his burden of showing the SCPO's rejection decision constituted a patent and gross abuse of discretion.

Defendant's reliance on the 2014 Clarification further renders unnecessary the requested remand for reconsideration of the rejection of his PTI application. As noted, the 2014 Clarification does not support defendant's admission to PTI because it was promulgated following the rejection of his application and the

court's denial of his appeal from the rejection. See id. at 238-39. Thus, the requested remand for the trial court to reconsider the SCPO's rejection of defendant's PTI application based on the 2014 Clarification would be futile.

Defendant last argues he is entitled to resentencing because the SCPO failed to comply with an August 8, 2014 Attorney General directive that prosecutors "refrain from taking any dispositive action or from sentencing any defendant in any case where a resident of another state brought into New Jersey a firearm that had been acquired lawfully and that could be carried lawfully by that visitor in the visitor's home jurisdiction."[4] We reject the contention because it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We offer only the following brief comments.

The August 8, 2014 directive constituted nothing more than an instruction to the SCPO that did not affect the validity of the court's sentencing decision. It imposed no obligation on the court, nor could it, and it did not limit or affect the court's sentencing authority. See Waters, 439 N.J. Super. at 239. Defendant is therefore not entitled to resentencing based on the court's purported failure to

---

[4] The August 8, 2014 Attorney General directive, if written, has not been provided by the parties. We quote language concerning the directive from the 2014 Clarification. 2014 Clarification at 3.

11

honor the August 8, 2014 Attorney General directive to prosecutors, and defendant offers no other basis supporting a remand for resentencing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12