**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0979-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDRE C. RHOOMS,

     Defendant-Appellant.

_____

          Argued March 21, 2022 – Decided July 1, 2022

          Before Judges Fisher and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law
          Division, Bergen County, Indictment No. 19-09-1059.

          Uri J. Roer argued the cause for appellant.

          Jaimee M. Chasmer, Assistant Prosecutor, argued the
          cause for respondent (Mark Musella, Bergen County
          Prosecutor, attorney; Jaimee M. Chasmer, of counsel
          and on the brief).

PER CURIAM

Defendant Andre C. Rhooms appeals from the January 6, 2020 order of the Law Division denying his request to override the county prosecutor's rejection of his application for admission to the pretrial intervention (PTI) program, N.J.S.A. 2C:43-12; Rule 3:28-1 to -10.  We affirm.

I.

In November 2018, a Bergen County detective was informed by a Pennsylvania State Trooper that a particular car was suspected of having been used for marijuana trafficking in Pennsylvania and was equipped with an after-market, electronically operated hidden compartment.

In May 2019, while on patrol, the detective was notified the car had crossed into New Jersey via the George Washington Bridge.  The detective followed the car, which was driven by defendant, and effectuated a stop for a motor vehicle violation.  Ultimately, a consent search uncovered marijuana, which defendant admitted he intended to sell.  Defendant was charged in a complaint with third-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(11).

On June 27, 2019, defendant applied for admission to the PTI program. The application was referred to the criminal division manager for review.  In a July 15, 2019 written response, the criminal division manager recommended

2

defendant's application be denied. In support of her recommendation, she relied on: (1) the nature of the charged offense; (2) the facts of the case; and (3) her determination that admission to PTI was not possible because defendant was a resident of New York. According to the recommendation, the rules of the Interstate Commission for Adult Offender Supervision does not allow the transfer of PTI supervision to another State and a New Jersey probation officer would be unable to exercise authority over defendant in New York.

Because the application was submitted pre-indictment, the prosecutor was authorized to withhold action on the application until the matter had been presented to the grand jury. R. 3:28-3(d). In such cases, "the prosecutor shall inform the criminal division manager, the defendant, and defendant's attorney of the decision on the application and enrollment within [fourteen] days of the return of the indictment." Ibid.

Although the prosecutor had not issued a determination on his PTI application, on August 7, 2019, defendant filed a motion in the Law Division to override the criminal division manager's recommendation.

On September 12, 2019, the parties appeared for an early disposition conference, at which the court addressed defendant's PTI application. Counsel

had the following exchange with the court, the precise meaning of which is not clear:

> ASSISTANT PROSECUTOR: Counsel wants to pursue PTI. I informed counsel that based on a review of his client's TCH,[1] he's not eligible for PTI. So he's not – it is technically a rejection.
>
> COURT: All right. I note – there is a notation here. Did he apply and was rejected?
>
> DEFENDANT'S COUNSEL: He did apply. He was rejected because he lived in Brooklyn. He since moved to New Jersey with his mother. The (indiscernible) and under the statute, he does, as far as indictable convictions. Um, that's our position. So –
>
> COURT: All right. So, counsel, for today's purposes, we'll mark it withdrawn. Counsel, if you wish to take any appropriate action with regard to the PTI rejection, obviously, you know that's available to you.

A week later, a grand jury indicted defendant, charging him with third-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(11). The prosecutor did not issue a written decision on defendant's PTI application within fourteen days of entry of the indictment, apparently because

---

[1] The record does not reveal the meaning of this acronym. It appears to refer to defendant's criminal history.

the assistant prosecutor determined her statement at the early disposition conference constituted a rejection of the application.

On November 6, 2019, defendant filed a second application in the Law Division to override the criminal division manager's recommendation to deny his PTI application. In its written opposition to defendant's application, the State relied on the factors mentioned in the recommendation, except for defendant's out-of-State residence, as well as additional reasons not listed in the recommendation: (1) defendant's motivation and age; (2) the needs and interests of society; (3) the extent to which defendant's crime constitutes part of a continuing pattern of antisocial behavior; and (4) defendant's criminal record. The State noted that in 2012, defendant pled guilty to misdemeanor resisting arrest in New York and received a sixty-day jail term, and in 2018, defendant pled guilty to a misdemeanor drug charge in Pennsylvania.[2]

At oral argument, defendant argued that because the State failed to issue a written response to the criminal division manager's recommendation, as required by Rule 3:28-3(d), it adopted that recommendation, as well as its

---

[2] The State's trial court brief also referred to several dismissed criminal charges, which are not appropriate for consideration when reviewing defendant's PTI application. See State v. K.S., 220 N.J. 190 (2015). The State proffers that it did not rely on the dismissed charges when rejecting defendant's application.

reasoning, and is precluded from asserting additional grounds for denial. In addition, he argued that the recommendation merely parroted the language of the PTI statute and was devoid of meaningful analysis of why defendant was not a suitable candidate for admission to the program.

Defendant also argued he was prejudiced by the State's actions because: (1) he was compelled to make the strategic decision of whether to seek to override the denial of his application without knowledge of the various grounds on which the State would ultimately rely; (2) he was informed of the State's new grounds for denial after he filed his brief in support of his motion; and (3) the State had the advantage of reviewing his motion brief before it formulated its additional grounds for denying his application.

On January 6, 2020, the trial court issued a written opinion denying defendant's motion to override the prosecutor's determination. The court rejected defendant's procedural argument, concluding that defendant's counsel:

> has argued that because the State submitted its reasons after he submitted his brief, that he had no way to anticipate what the State would cite as the criteria for concluding that the defendant should not be admitted into PTI, however, [defendant's counsel] did address the five criteria . . . the State relied on.

In addition, the court concluded the State's denial of defendant's application was well-supported and based on the relevant statutory criteria. Although

6

defendant's place of residence was not asserted by the State in support of its position, the court concluded defendant did not establish he had moved to New Jersey or that he could be effectively supervised on PTI in New York. A January 6, 2020 order memorializes the court's decision.

Pursuant to an agreement with the State, defendant subsequently pled guilty to the single count of the indictment. In accordance with the agreement, the court sentenced defendant to a one-year term of non-custodial probation. The sentence was the same offered to defendant prior to his indictment.

This appeal followed. Defendant makes the following argument.

> THE TRIAL COURT ERRED WHEN IT UPHELD THE PLAINTIFF'S REJECTION OF THE DEFENDANT'S PTI APPLICATION.

## II.

The decision to admit a defendant to PTI is a "quintessentially prosecutorial function." State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). As a result, judicial review of a prosecutor's decision to deny a defendant admission into the PTI program is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003). "Reviewing courts must accord the prosecutor 'extreme deference.'" State v. Waters, 439 N.J. Super. 215, 225 (App. Div. 2015) (quoting State v. Nwobu, 139 N.J. 236, 246

A-0979-20

(1995)).  We reverse "only the most egregious examples of injustice and unfairness" in the PTI application process.  Nwobu, 139 N.J. at 246 (quoting State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993)).  To overturn a rejection of a PTI application, a defendant must "clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion . . . ."  Wallace, 146 N.J. at 582 (quoting State v. Leonardis, 73 N.J. 360, 382 (1977)).  "[W]e review the [trial court's] reversal of the prosecutor's decision de novo."  Waters, 439 N.J. Super. at 226.

"PTI was established initially by Rule 3:28 in 1970."  Roseman, 221 N.J. at 621.  "In 1979, the Legislature . . . establish[ed] PTI as a statewide program pursuant to N.J.S.A. 2C:43-12."  Ibid.  "Thus, PTI programs are 'governed simultaneously by the Rule and the statute which "generally mirror[]" each other.'"  Ibid. (alteration in original) (quoting State v. Watkins, 193 N.J. 507, 517 (2008)).

We begin with defendant's procedural arguments.  We addressed similar circumstances in State v. Rizzitello, 447 N.J. Super. 301 (App. Div. 2016).  There, a defendant charged with a fourth-degree offense applied for admission to PTI.  Id. at 306-07.  The vicinage's PTI director issued a written

recommendation to deny the application.  Id. at 308.  The prosecutor did not review the recommendation or issue a written determination on the application, causing defendant to apply directly to the court for admission to the program. Id. at 309.  The State first stated in writing its reasons for denying the defendant's application in the brief it filed in response to the defendant's motion.  Ibid.

We unequivocally held that this approach was not acceptable:

> Here, the record reflects that the [prosecutor] did not adhere to the rule's mandate.  The record only contains the prosecutor's submissions to the PTI court in response to defendant's appeal.  The language in Rule 3:28(h)[3] is both clear and emphatic.  The prosecutor must independently evaluate whether a defendant should be admitted to PTI.
>
> The Supreme Court has also acknowledged the mandatory nature of the prosecutor's participation at this phase of the PTI-admission process.  "[A] PTI determination requires that the prosecutor make an individualized assessment of the defendant considering his or her 'amenability to correction' and potential 'responsiveness to rehabilitation.'"  Roseman, 221 N.J. at 621-22 (quoting Watkins, 193 N.J. at 520).  The [prosecutor's] failure to perform this important, legally required evaluation is unacceptable. We expect the trial court to enforce this aspect of the PTI [p]rogram's application process to ensure the reviewing judge has a complete record before deciding a defendant's challenge to the denial of his or her application.
>
> [Id. at 311.]

---

[3]  The rule was renumbered in 2018.

A-0979-20

Despite the procedural error, we concluded that the record contained sufficient facts to effectively review the trial court's decision.  Id. at 312.

We reiterate the concern expressed in Rizzitello in response to the prosecutor's admitted failure in this case to comply with Rule 3:28.  The procedure established in Rule 3:28-3 plays a critical role in the PTI application process.  The prosecutor's individualized review of a PTI application and issuance of a written determination within the period permitted by the rule ensures the defendant and his or her counsel will be fully apprised of the basis of the prosecutor's determination prior to seeking judicial review.  This allows for informed decision making with respect to how a defendant proceeds.[4]  In addition, as was the case here, where a brief filed in response to a PTI application raises facts and grounds for denial not included in the criminal division manager's recommendation, defendant may well be prejudiced in making effective arguments.

Despite our misgivings with respect to what transpired here, we are confident the remedy suggested by defendant – that the State be barred from

---

[4]  At the hearing, defendant's counsel expressed concern, not realized here, that a defendant who seeks judicial review of a PTI denial risks an escalation of a plea offer.  That risk might be avoided where counsel reviews a timely written determination of a prosecutor and advises against seeking judicial review.

A-0979-20

raising any facts or reasons for denial not expressed in the criminal division manager's recommendation – is not warranted. We agree with the trial court's conclusion that defendant's counsel adequately addressed each of the facts and reasons raised for the first time in the State's brief. We note that counsel did not ask the court to adjourn the hearing or for leave to file a supplemental brief. Nor do we consider the State's brief to have raised any unexpected or novel facts or arguments. The State relied primarily on defendant's criminal history, of which he was certainly aware, his involvement with illegal substances, and the State's interest in curbing the illegal distribution of marijuana. It is difficult to conclude that defendant's counsel would have been surprised by any of those facts or arguments.

With respect to the substance of the trial court's decision, we have carefully reviewed the record and find no basis to reverse the January 6, 2020 order. There is more than sufficient support in the record for the prosecutor's exercise of discretion to deny defendant's PTI application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0979-20