# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2812-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RIANNA L. DRINKS,

    Defendant-Appellant.

_____

        Submitted May 31, 2017 — Decided August 18, 2017

        Before Judges Leone and Vernoia.

        On appeal from Superior Court of New Jersey,
        Law Division, Hudson County, Indictment No.
        15-05-0679.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Theresa Y. Kyles, Assistant
        Deputy Public Defender, of counsel and on the
        brief).

        Esther Suarez, Hudson County Prosecutor,
        attorney for respondent (Roseanne Sessa,
        Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Rianna L. Drinks pled guilty to fourth-degree child

abuse or neglect.  She appeals her February 12, 2016 judgment of

conviction, arguing the trial court erred when it upheld the prosecutor's rejection of her application for pre-trial intervention (PTI). We affirm.

## I.

The prosecutor's rejection letter and the February 3, 2015 police report alleged the following facts.

On February 3, 2015, defendant left her two young children, ages two and six, alone in her Jersey City apartment. At 10:00 a.m., a neighbor saw the two-year-old naked in the hallway of the apartment building. At approximately 3:00 p.m., police officers responded to a call about unattended children in the apartment, and heard children crying. When the officers knocked on the door, a child told them through the door that their mother was asleep and the child would not open the door. The officers obtained a key from building management and entered the apartment to ascertain the children's welfare. The officers found two children hiding in the back bedroom, naked and unattended. The older child told police she did not know where her mother was and had been instructed not to open the door for anyone. The neighbor stated that the children were frequently left home alone.

Police attempted to call defendant's phone but could not reach her. Defendant returned to the apartment around 4:00 p.m. and provided different versions of where she was and changed her

story several times. Defendant later told the PTI interviewer that she went to a check-cashing place and a store to buy food.

Defendant was charged with two counts of second-degree child endangerment, N.J.S.A. 2C:24-4(a), and two counts of fourth-degree child abandonment, N.J.S.A. 9:6-1, -3. Defendant applied for admission to PTI, but the prosecutor denied the application. Defendant filed a motion challenging the prosecutor's denial. The trial court rejected defendant's challenge in an October 19, 2015 oral decision.

Thereafter, defendant entered a guilty plea to fourth-degree child abandonment. She admitted she left the older child alone in the apartment "for a period of time," putting her in danger. The court sentenced defendant to two years of probation.

Defendant appeals the denial of her PTI motion. See R. 3:28(g). She argues:

> THE PROSECUTOR'S DECISION TO REJECT MS. DRINK'S APPLICATION FOR PTI CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION THAT SUBVERTS THE GOALS OF PTI, REQUIRING HER ADMISSION INTO PTI. AT MINIMUM, IT CONSTITUTED AN ABUSE OF DISCRETION, REQUIRING A REMAND FOR RECONSIDERATION.
>
> > A. In This Matter, the Prosecutor Considered Inappropriate Factors, Failed to Consider Relevant Factors, and Based His Conclusion on a Clear Error of Judgment, Resulting in an Abuse of Prosecutorial Discretion.

>1. Nature of the Offense and Facts of the Case.
>
>2. Motivation and Age of the Defendant.
>
>3. Public Needs Factors.
>
>B. Rejection of the Application Subverted the Goals of PTI.

## II.

The PTI program is governed by N.J.S.A. 2C:43-12 to -22, Rule 3:28, and the Guidelines for Operation of Pretrial Intervention in New Jersey, reprinted after Rule 3:28 in Pressler & Verniero, Current N.J. Court Rules (2017) (hereinafter Guidelines). "N.J.S.A. 2C:43-12(e) lists seventeen non-exclusive factors to be considered by the criminal division manager and prosecutor in determining admission into [PTI]." State v. K.S., 220 N.J. 190, 197 (2015). Courts must "presume that a prosecutor considered all relevant factors, absent a demonstration by the defendant to the contrary." State v. Wallace, 146 N.J. 576, 584 (1996).

"Deciding whether to permit diversion to PTI 'is a quintessentially prosecutorial function.'" State v. Waters, 439 N.J. Super. 215, 225 (App. Div. 2015) (quoting Wallace, supra, 146 N.J. at 582). "Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and

4

second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." Ibid. (quoting State v. Nwobu, 139 N.J. 236, 246 (1995)). "Accordingly, 'prosecutors are granted broad discretion to determine if a defendant should be diverted' to PTI instead of being prosecuted." Ibid. (quoting K.S., supra, 220 N.J. at 199).

"Thus, the scope of review is severely limited." Ibid. (quoting State v. Negran, 178 N.J. 73, 82 (2003)). "Reviewing courts must accord the prosecutor '"extreme deference."'" Ibid. (quoting Nwobu, supra, 139 N.J. at 246). "[I]nterference by reviewing courts is reserved for those cases where needed 'to check . . . the "most egregious examples of injustice and unfairness."'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting Negran, supra, 178 N.J. at 82), certif. denied, 222 N.J. 18 (2015).

We apply the same standard as the trial court, and review its decision de novo. Waters, supra, 439 N.J. Super. at 226. We must hew to that standard of review.

### III.

The prosecutor denied defendant's application for admission into PTI for a number of reasons. The prosecutor noted defendant was charged with second-degree offenses, which carry a presumption against admission into PTI. In addition, the prosecutor found

denial was supported by "[t]he nature of the offense," "[t]he facts of the case," defendant's "motivation," "[t]he needs and interests of the victim and society," and the determination that "the public need for prosecution" outweighed "the value of supervisory treatment" and "the harm done . . . by abandoning criminal prosecution . . . outweigh[ed]" any societal benefits from allowing PTI. N.J.S.A. 2C:43-12(e)(1), (2), (3), (7), (14), (17). The prosecutor highlighted that defendant left such young children on their own, that she gave contradictory versions of why she did so, and that a neighbor told police defendant frequently left the children home alone. Finally, the prosecutor doubted "rehabilitative efforts will be short term."

The prosecutor properly cited the presumption against PTI. Guideline 3(i) states "[a] defendant charged with a . . . second degree offense . . . should ordinarily not be considered for enrollment in a PTI program." "This provision represents a 'decision to prevent serious offenders from avoiding prosecution in ordinary circumstances,' and creates 'a presumption against diversion.'" Waters, supra, 439 N.J. Super. at 226 (quoting State v. Caliquiri, 158 N.J. 28, 42 (1999)). "If a defendant 'fails to rebut the presumption against diversion,' then '[r]ejection based solely on the nature of the offense is appropriate.'" Id. at 227

(alteration in original) (quoting Caliguiri, supra, 158 N.J. at 43).

Defendant asserts that relying on the presumption against PTI for second-degree offenses under Guideline 3(i) was inappropriate because second-degree offenders can be admitted to PTI. However, the prosecutor did not indicate to the contrary. Rather, the prosecutor acknowledged the presumption was applicable "ordinarily," and provided several other reasons why defendant should not receive PTI.

Defendant cites the August 10, 2015 addition of N.J.S.A. 2C:43-12(g)(3), but that was enacted after the prosecutor's July 20, 2015 PTI decision. In any event, the 2015 amendment simply provides that "[a]dmission into supervisory treatment shall be available to the following defendants only upon entering a plea of guilty: (a) a defendant charged with a first or second degree crime." L. 2015, c. 98, § 4. Nothing in the 2015 amendment or its legislative history indicates that adding the requirement of a guilty plea was intended to void the long-standing presumption against admission to PTI for defendants charged with a first- or second-degree crime, which has been a part of the Supreme Court's Guidelines since 1982. See Pressler, Current N.J. Court Rules, Guideline 3(i) to R. 3:28 (1984). Therefore, the presumption applied here.

"A defendant may rebut the presumption by 'showing compelling reasons justifying the applicant's admission and establishing that a decision against enrollment would be arbitrary and unreasonable.'" Waters, supra, 439 N.J. Super. at 227 (quoting Guideline 3(i)). Defendant contends she overcame the presumption because this was her first arrest, she was charged with a nonviolent offense, she did not intend to harm her children, and her mother, who was her primary childcare resource, had recently passed away.[1] However, "'[a] defendant must demonstrate something extraordinary or unusual,' not merely 'that the accused is a first-time offender and has admitted or accepted responsibility for the crime.'" Ibid. (quoting Nwobu, supra, 139 N.J. at 252).

The circumstances presented by defendant were not so compelling as to rebut the presumption against PTI. "[T]he interests of society may justify the denial of an application for admission into PTI even though a defendant has led an exemplary life except for the conduct which forms the basis of the pending criminal charges." State v. Seyler, 323 N.J. Super. 360, 370 (App. Div. 1999), aff'd o.b., 163 N.J. 69 (2000).

---

[1] Defendant contends the prosecutor did not consider those facts. However, the prosecutor was aware of those facts, and her letter said she considered "all of the relevant reports" and "[a]ll of the facts in this defendant's case." "Thus, defendant's contention . . . is not sustainable." See Wallace, supra, 146 N.J. at 588.

"Even if 'extraordinary and unusual' circumstances exist to overcome the presumption against admission into PTI for certain offenses," a court may only "overrule a prosecutor's decision to accept or reject a PTI application . . . when the circumstances '"clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion."'" State v. Roseman, 221 N.J. 611, 624-25 (2015) (quoting Wallace, supra, 146 N.J. at 582).

> "Ordinarily an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. . . . In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention."
>
> [Wallace, supra, 146 N.J. at 583 (quoting State v. Bender, 80 N.J. 84, 93 (1979)).]

Defendant argues that in evaluating the facts of the case, the prosecutor inappropriately considered the neighbor's statements to the police that the children were alone since 10:00 a.m. and had been frequently left alone in the past. Defendant claims that neighbor bore animosity toward defendant and had motive to lie, but plaintiff's claim is unsupported by evidence. In any event, "[a] prosecutor is certainly free to disbelieve statements

presented by defense witnesses and to instead credit the anticipated contrary testimony of the State's witnesses." Lee, supra, 437 N.J. Super. at 568.

The prosecutor also considered defendant's "motivation," N.J.S.A. 2C:43-12(e)(3), which can encompass both her "motivation behind the commission of the crime" and her "motivation to succeed in the [PTI] program." State v. Leonardis, 71 N.J. 85, 101 n.9, 112 (1976); e.g., State v. Rizzitello, 447 N.J. Super. 301, 309 (App. Div. 2016); State v. Imbriani, 291 N.J. Super. 171, 179 (App. Div. 1996). The prosecutor found defendant's motivation "suspect." Defendant told the PTI interviewer she left the children alone only to get cash and buy them food. However, the prosecutor noted she gave conflicting stories to the police at the time she returned home. Defendant argues that was inappropriate because her motivation cannot be assessed by a single conversation with police while being arrested. However, the prosecutor was not required to credit the motivation defendant later gave the PTI interviewer, which appeared inconsistent with the 10 a.m. to 4 p.m. period the children allegedly were alone. The prosecutor also noted defendant herself did not express remorse or acknowledge the inappropriateness of her actions. Her lack of candor and failure to accept full responsibility for her actions supported

the prosecutor's finding that she lacked motivation to benefit from supervisory treatment.

Defendant argues the prosecutor ignored a letter submitted by Visiting Homemaker Service regarding defendant's performance in its parenting courses, which attested to her good character as a mother. However, the prosecutor could give little weight to that letter given the evidence that, despite having completed parenting classes, defendant nonetheless left her small children alone for six hours. See State v. Brooks, 175 N.J. 215, 230 (2002) (finding "numerous letters attesting to [the defendant's] good character" could not "detract from the nature of his acts or from the fact that . . . defendant appreciated the wrongful nature of his conduct and simply disregarded it"). The prosecutor's decision not to rely on defendant's explanations of her whereabouts, as well as the letter regarding her character, was within the prosecutor's discretion. See Lee, supra, 437 N.J. Super. at 568.

Defendant argues it was inappropriate for the prosecutor to consider the needs of the victims and of society for prosecution of defendant's irresponsible abandonment of such young children. Defendant argues cases of irresponsible parenting, including neglect, are commonly handled in civil courts by the Division of Child Protection and Permanency (DCP&P). However, N.J.S.A. 2C:24-4(a) and N.J.S.A. 9:6-3 explicitly allow the prosecutor to seek

criminal prosecution for such neglect, and "[t]he selection of the charge rests in the sound discretion of the prosecutor." See State v. D.V., 348 N.J. Super. 107, 115-16 (App. Div. 2002), aff'd o.b., 176 N.J. 338 (2003).

Defendant argues the prosecutor made a clear error of judgment by prosecuting her when other cases with similar or identical conduct might not be prosecuted. However, "'prosecutorial decisions in PTI matters are primarily individualistic in nature,' and thus ordinarily 'a defendant will not prevail merely because he can demonstrate that, unlike himself, others who have been charged with similar offenses have been diverted into PTI.'" Waters, supra, 439 N.J. Super. at 235 (quoting State v. Sutton, 80 N.J. 110, 119 (1979)). Defendant similarly cannot prevail by showing others have been sued civilly by DCP&P, given our extreme deference to prosecutorial discretion. In any event, the apparent duration and frequency of defendant's abandonment of the children, and her subsequent dissembling about it, distinguish her case from the DCP&P case she cites, where a mother left her sleeping child unattended for approximately ten minutes in a locked motor vehicle in a store parking lot while she was in the store. Cf. Dep't of Children & Families, Div. of Child Prot. & Permanency v. E.D.-O., 223 N.J. 166, 169 (2015). We are particularly hesitant to find

that a prosecutor's determination was a clear error of judgment. State v. Maddocks, 80 N.J. 98, 105 (1979).

Defendant cites the prosecutor's comment in her denial letter that "defendant has a prior history with DCP&P, yet has been unable to comport her conduct to acceptable societal standards. In light of this DCP&P, it cannot be said that rehabilitative efforts will be short term." Defendant argues her prior involvement with the DCP&P was an inappropriate factor because that matter arose from domestic violence perpetrated by the father of one of her children, and defendant was one of the victims. Defendant is correct that being a victim of domestic violence would not be a basis for denying PTI, but that was not the basis cited by the prosecutor. Rather, as the prosecutor's letter suggested and as she explained at her motion hearing, the prosecutor was referring to the services defendant received due to DCP&P's involvement, as a result of which the twenty-five-year-old defendant "knew what she was doing was not appropriate." Defendant concedes that her parenting classes were from "a DCP&P-associated support agency." The prosecutor could consider defendant's failure to heed those societal standards in finding that rehabilitation would be slow and PTI inadequate.

Defendant has failed to show the prosecutor's decision "was not premised upon a consideration of all relevant factors, (b) was

13

based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." Wallace, supra, 146 N.J. at 583 (quoting Bender, supra, 80 N.J. at 93). Thus, we cannot say the prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion.

In any event, defendant cannot meet the standard for a patent and gross abuse of discretion because the prosecutor's decision did not "'clearly subvert the goals underlying [PTI].'" Ibid. (citation omitted). Granting defendant PTI would not necessarily serve all the goals of PTI set forth in N.J.S.A. 2C:43-12(a)(1)-(5). This was not a "'victimless' offense[]," and the victims were small children unable to care for themselves. N.J.S.A. 2C:43-12(a)(3). Nor was the prosecutor required to find that PTI would be sufficient to deter defendant from future criminal neglect. See N.J.S.A. 2C:43-12(a)(1), (2), (5). We cannot say the prosecutor's decision clearly subverted the goals of PTI.

IV.

Defendant also submits the prosecutor's decision, at minimum, constituted an abuse of discretion requiring a remand for reconsideration. A reviewing court may "vacate a PTI rejection and remand to the prosecutor for reconsideration" if it "finds that 'the prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross

14

abuse'" and "a remand will serve a useful purpose."  Wallace, supra, 146 N.J. at 583 (quoting State v. Dalglish, 86 N.J. 503, 509-11 (1981)).  As set forth above, however, defendant has failed to make such a showing.

Ultimately, "[t]he question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors."  Nwobu, supra, 139 N.J. at 254.  As in Nwobu, "[w]e cannot say that such a decision could not have been reasonably made in this setting."  Ibid.

Defendant's remaining arguments lack sufficient merit to warrant discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION