**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1099-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRIAN M. RAMOS,

     Defendant-Appellant.

_____

> Submitted September 18, 2018 – Decided September 28, 2018
>
> Before Judges Geiger and Firko.
>
> On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 16-10-0752.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Brian P. Keenan, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Paul H. Heinzel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brian M. Ramos was charged with fourth-degree credit card theft, N.J.S.A. 2C:21-6(c)(1) and 2C:5-2(a)(1) and (2), third-degree fraudulent use of a credit card, N.J.S.A. 2C-21-6(h) and 2C:5-2(a)(1) and (2), and second-degree trafficking in personal identification information, N.J.S.A. 2C:21-17.3(b)(2). Defendant applied for admission into Pretrial Intervention (PTI).

The PTI director recommended defendant's acceptance into the program but was overruled by the prosecutor. Following rejection of his PTI application by the Somerset County Prosecutor, defendant filed a motion in the Law Division appealing from that rejection that was denied by the trial court. Defendant then pleaded guilty to the offenses, with count three being amended to third-degree trafficking in personal information, and was sentenced. Defendant appeals the order denying his motion to override the prosecutor's rejection, arguing the trial court erred when it upheld the prosecutor's rejection of his PTI application. We affirm.

On September 8, 2016, Bridgewater police officers were dispatched to Bridgewater Commons Mall to investigate a report of defendant and other suspects committing credit card fraud at Sephora. Defendant was arrested outside the mall, and a search incident to his arrest uncovered a fraudulent credit card with his name on it. The account number did not correlate with the credit

card number on the reverse side of the card within the black magnetic stripe. Police confirmed that this credit card, and other credit cards seized from co-defendants that day, were fraudulently created. Defendant admitted that he intended to use the card, which was not his, and that he "jointly possessed identities of at least five people with [his] co[-]defendant[s]."

Defendant was eighteen years old at the time of his arrest. He has no prior criminal convictions, no history of violence, and has never participated in any diversionary programs.

Defendant applied for admission into PTI and was recommended for admission by the director. In an eight-page, single spaced letter, the prosecutor objected to defendant's admission into PTI, citing criteria 1 (the nature of the offense), 2 (the facts of the case), 3 (the motivation and age of the defendant), 4 (the desire of the complainant or victim to forego prosecution), 5 (the existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment), 7 (the needs and interests of the victim and society), 13 (any involvement of the applicant with organized crime), 14 (whether or not the crime

A-1099-17T3

is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution), 15 (whether or not the applicant's involvement with other people in the crime charged or in other crime is such that the interest of the State would be best served by processing his case through traditional criminal justice procedures, and 16 (whether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants). N.J.S.A. 2C:43-12(e)(1), (2), (3), (4), (5), (7), (13), (14), (15), (16). In his letter, the prosecutor referenced Rule 3:28 and Guideline 3(i), which he acknowledged "we are supposed to consider [in] his individual circumstances." The letter also states, "Defendant gave us nothing. He didn't give us anything to review. All I have is, well, he got arrested at the mall with everybody else with credit cards and we have to put that into context."

Defendant then appealed the denial of entry into PTI to the Law Division that was opposed by the prosecutor. The PTI judge issued an order and a nineteen-page written decision denying defendant's appeal. The decision included a detailed review of the prosecutor's basis for rejecting defendant's PTI application, including the fact-specific analysis of the statutory criteria set forth in the prosecutor's statement of reasons.

The judge found that the prosecutor "has not abused its discretion," and weighed all of the factors in making his determination. The judge noted that the prosecutor considered that this was "not an isolated incident," and the offense "did not happen by chance or out of spur of the moment." Rather,

> the offense was a culmination of multiple phases that were well thought-out by defendant . . . such as . . . the seeking out and purchasing of cloned credit cards; the foresight and anticipation of the need of assistance in completing the offense; traveling a substantial distance from New York to Bridgewater, New Jersey; actively seeking specific stores within the shopping center to target; choosing items to purchase; [and] the attempt to make a purchase with one of the cloned credit cards.

The prosecutor's position that "the offense at bar [is] a piece of an ongoing organized criminal activity," militating against defendant's admittance to PTI, notwithstanding his age, or excusing his participation as a youthful indiscretion was persuasive to the court. Finally, the judge found that the prosecutor had engaged in an individualized assessment of the application. As a result, the judge concluded that the prosecutor's rejection was not a per se or categorical denial and did not amount to a patent and gross abuse of discretion.

Thereafter, defendant pled guilty to violating N.J.S.A. 2C:21-6(c)(1) (credit card theft); N.J.S.A. 2C:21-6(h) and 2C:5-2(a)(1) (fraudulent use of a credit card); and N.J.S.A. 2C:21-17.3b(2) (an amended count of third-degree

5

trafficking in personal information). Defendant was sentenced to a concurrent one-year probationary term, plus applicable fees and penalties.

Defendant appeals the denial of his PTI motion. See R. 3:28(g). He raises the following arguments:

> POINT ONE:
>
> THE PROSECUTOR'S REJECTION OF [DEFENDANT'S] PTI APPLICATION CONSTITUTES A PATENT AND GROSS ABUSE OF DISCRETION BECAUSE IT WAS PREMISED ON AN IMPROPER PRESUMPTION AGAINST ENROLLMENT, A CONSIDERATION OF IMPROPER FACTORS AND A FAILURE TO CONSIDER RELEVANT FACTORS.
>
> > A. THE PROSECUTOR IMPROPERLY APPLIED A PRESUMPTION AGAINST ADMISSION BASED ON [DEFENDANT'S] INDICTMENT FOR A SECOND-DEGREE OFFENSE RESULTING IN A CLEAR ERROR IN JUDGMENT.
> >
> > B. THE PROSECUTOR'S ERRONEOUS DETERMINATION THAT [DEFENDANT] WAS INVOLVED IN ORGANIZED CRIME WAS BASED [UPON] UNRELATED OFFENSES BY OTHER DEFENDANTS.
> >
> > C. THE PROSECUTOR'S COLLECTIVE EVALUATION OF [DEFENDANT'S] PTI APPLICATION TOGETHER WITH HIS CO[-]DEFENDANTS RESULTED IN A FAILURE TO CONSIDER RELEVANT FACTORS AND DEPRIVED HIM OF AN INDIVIDUALIZED

6

ASSESSMENT OF HIS AMENABILITY TO
REHABILITATION.

After reviewing the record presented to the PTI judge and being mindful of the enhanced deferential standard governing judicial review of prosecutorial decisions affecting admission into this diversionary program, we affirm. We conclude that the PTI judge did not err when she denied defendant's motion to override the prosecutor's rejection of defendant's PTI application on the basis that the prosecutor's decision did not constitute a "patent and gross abuse of discretion" as defined by our Supreme Court in State v. Bender, 80 N.J. 84, 93 (1979).

Defendant argues that the prosecutor's rejection constituted a patent and gross abuse of discretion and a presumption against admission because defendant was indicted for a second-degree offense. However, the presumption of rejection was duly found by the judge as not constituting error, or "a compelling reason" for defendant's admission into PTI. The prosecutor's argument that the implementation of the County Prosecutor's "Targeted Enforcement Plan" (TEP), which had been created to specifically address the rise in credit card fraud at the Bridgewater Commons Mall and the nature of the offense and facts in the case "strongly militate against diversion." In our view,

7

the judge used the appropriate deferential standard of review by finding no patent and gross abuse of discretion.

As statutorily established in N.J.S.A. 2C:43-12 to -22, and as implemented under Rule 3:28 and the Guidelines for Operation of Pretrial Intervention in New Jersey, PTI is fundamentally a discretionary program. Subject to judicial review, admission into PTI is based on a recommendation by the criminal division manager, with the consent of the prosecutor. State v. Nwobu, 139 N.J. 236, 246 (1995). The prosecutor's assessment is to be guided by seventeen non-exclusive factors enumerated in the PTI statute. N.J.S.A. 2C:43-12(e)(1)-(17). Courts must "presume that a prosecutor considered all relevant factors, absent a demonstration by the defendant to the contrary." State v. Wallace, 146 N.J. 576, 584 (1996).

"Deciding whether to permit diversion to PTI 'is a quintessentially prosecutorial function.'" State v. Waters, 439 N.J. Super. 215, 225 (App. Div. 2015) (quoting Wallace, 146 N.J. at 582). "Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." Nwobu, 139 N.J. at 246. "Accordingly, 'prosecutors are granted broad

A-1099-17T3

discretion to determine if a defendant should be diverted' to PTI instead of being prosecuted." Waters, 439 N.J. Super. at 225 (quoting State v. K.S., 220 N.J. 190, 199 (2015)). In State v. Negran, 178 N.J. 73 (2003), the Court described the wide but not unlimited discretion afforded prosecutors when reviewing PTI applications, and the enhanced deference courts should employ:

> In respect of the close relationship of the PTI program to the prosecutor's charging authority, courts allow prosecutors wide latitude in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial. The deference has been categorized as enhanced or extra in nature. Thus, the scope of review is severely limited. Judicial review serves to check only the most egregious examples of injustice and unfairness.
>
> A prosecutor's discretion in respect of a PTI application is not without its limits, however. A rejected applicant must be provided with a clear statement of reasons for the denial. That writing requirement is intended to facilitate judicial review, assist in evaluating the success of the PTI program, afford to defendants an opportunity to respond, and dispel suspicions of arbitrariness. The requirement also enables a defendant to challenge erroneous or unfounded justifications for denial of admission.
>
> [Id. at 82 (citations omitted); see also K.S., 220 N.J. at 199-200.]

As correctly noted by the PTI judge, the trial court must not substitute its own discretion for that of the prosecutor even where the prosecutor's decision is

one which the trial court disagrees or finds to be harsh.  See State v. Kraft, 265 N.J. Super. 106, 112-13 (App. Div. 1993).  "Trial courts may overrule a prosecutor's decision to accept or reject a PTI application only when the circumstances clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion."  State v. Roseman, 221 N.J. 611, 624-25 (2015) (citations omitted).  We apply the same standard of review as the trial court, and review its decision de novo.  Waters, 439 N.J. Super. at 226.

In State v. Rizzitello, 447 N.J. Super. 301 (App. Div. 2016) we described the burden imposed on a defendant seeking to overturn a prosecutorial rejection.

> To establish the prosecutor's rejection of defendant's PTI application amounted to a patent and gross abuse of discretion, a defendant must prove, by clear and convincing evidence, that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment . . . .  In order for such an abuse of discretion to rise to the level of patent and gross, it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [Id. at 313 (citations omitted).]

Defendant has not met his heavy burden.  He has not shown that the prosecutor's decision clearly subverted the goals underlying PTI.  Conversely,

A-1099-17T3

granting defendant PTI would not necessarily serve all the goals of PTI set forth in N.J.S.A. 2C:43-12(a)(1)-(5). We cannot say that the prosecutor's decision could not have been reasonably made upon weighing the relevant factors. See Nwobu, 139 N.J. at 254.

On the contrary, we find that the prosecutor properly considered and weighed all of the relevant factors in reaching his decision to reject defendant's application. Accordingly, we hold that the prosecutor's refusal to sanction admission into the program did not constitute a patent and gross abuse of discretion.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1099-17T3