**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5488-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEFFREY J. JONES, a/k/a
JEFF JONES,

     Defendant-Appellant.

_____

Submitted October 17, 2018 – Decided November 13, 2018

Before Judges Fuentes and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 15-03-0513.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

Joseph D. Coronato, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

Defendant Jeffrey J. Jones applied for admission to Pretrial Intervention (PTI) after he was charged in an indictment with third-degree receiving stolen property, a shotgun, N.J.S.A. 2C:20-7, third-degree unlawful possession of a shotgun, N.J.S.A. 2C:39-5(c)(1), and third-degree possession of a controlled dangerous substance, heroin, N.J.S.A. 2C:35-10(a)(1). The Ocean County Prosecutor's Office (OCPO) rejected the application. Defendant appealed the rejection and the Law Division denied his appeal. Defendant pleaded guilty to third-degree unlawful possession of a shotgun and received a one-year probationary sentence.[1] Defendant appeals from the order denying his appeal from the OCPO's rejection of his PTI application. We affirm.

The pertinent facts are set forth in the OCPO's October 27, 2015 letter rejecting defendant's request for admission to PTI. A confidential informant reported to the Manchester Township Police Department that an individual, later identified as Gerard Pasqualini, sold heroin from a local motel room. The confidential informant made two undercover heroin buys from Pasqualini in the presence of other individuals in the motel room. The confidential informant advised the police that Pasqualini had recently obtained access to a shotgun.

---

[1] When defendant pleaded guilty, he was also separately charged in a complaint with third-degree unlawful possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(b)(1).

A-5488-16T3

Following the issuance of a search warrant, the police entered the motel room where they found Pasqualini, defendant and another individual, and seized a quantity of heroin. The investigation further revealed defendant possessed heroin on his person and lived in another room at the motel. The police obtained consent to search that room from defendant's brother, Francis M. Jones (Francis),[2] who also occupied that room. The police found a shotgun under defendant's bed. Francis told the investigating officers the shotgun belonged to defendant. It was later determined the shotgun had been stolen from a police officer's vehicle.

According to Francis, defendant claimed he bought the shotgun for $450. Francis also said he saw defendant put the shotgun under the bed. Pasqualini told the investigating officers he received the shotgun from Adam Sanchez and sold it to defendant for $450.

Another motel resident, Francis J. Juliano, consented to a search of his room. The police found a quantity of heroin and currency. Juliano explained that he and defendant bought heroin together and shared the cost. When asked about a shotgun, Juliano "guess[ed]" it was in defendant's motel room. Juliano

---

[2] Because defendant and Francis M. Jones share a surname, we refer to the latter as "Francis" for clarity and ease of reference. We intend no disrespect in doing so.

A-5488-16T3

told the police he had seen defendant "walk[] over to the bed" in defendant's motel room "and pull[] a shotgun out."

An Ocean County Grand Jury returned a twenty-five count indictment separately charging Sanchez (counts one through nine), Pasqualini (counts ten through seventeen), Francis (counts eighteen through twenty), defendant (counts twenty-one through twenty-three), and Juliano (counts twenty-four through twenty-five), with various controlled dangerous substance, burglary, theft and weapons offenses. Defendant applied for admission to PTI.

In its October 27, 2015 letter rejecting defendant's application,[3] the OCPO determined defendant was not an appropriate candidate for PTI based on the nature of the offenses charged, N.J.S.A. 2C:43-12(e)(1), the facts of the case, N.J.S.A. 2C:43-12(e)(2), the motivation and age of defendant, N.J.S.A. 2C:43-

---

[3] The record does not show that the Criminal Division Manager reviewed and made a recommendation concerning defendant's PTI application as required by Rule 3:28-3(d). The determination of a defendant's suitability for PTI requires compliance with the applicable rules, guidelines and statutes, State v. Rizzitello, 447 N.J. Super. 301, 311 (App. Div. 2016), and judges considering appeals from prosecutors' PTI application decisions must ensure such compliance. We do not address the effect of the Criminal Division Manager's apparent failure to make the required recommendation here only because defendant does not contend the failure requires reversal of the court's decision, and we otherwise conclude the court correctly found the prosecutor's rejection of defendant's PTI application is supported by the record and does not constitute a patent and gross abuse of discretion.

12(e)(3), the needs and interests of the victim and society, N.J.S.A. 2C:43-12(e)(7), the value of supervisory treatment would be outweighed by the public need for prosecution, N.J.S.A. 2C:43-12(e)(14), defendant's participation would adversely affect the prosecution of Francis, N.J.S.A. 2C:43-12(e)(16), and the harm done to society by abandoning criminal prosecution would outweigh the benefit to society, N.J.S.A. 2C:43-12(e)(17).  The prosecutor afforded "positive weight to the fact that defendant does not have any convictions" and was not charged with "a crime of violence," but determined they were "outweighed by the reasons against admission."

The Law Division denied defendant's appeal from the OCPO's rejection decision, finding defendant did not establish the decision constituted a patent and gross abuse of discretion.  This appeal followed.

Defendant presents the following argument:

POINT I

THE PROSECUTOR'S REJECTION OF DEFENDANT'S PTI APPLICATION CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION BECAUSE THE PROSECUTOR FAILED TO CONSIDER ALL OF THE RELEVANT FACTORS AND CONDUCT AN INDIVIDUALIZED EVALUATION OF DEFENDANT, RESULTING IN A CLEAR ERROR OF JUDGMENT WHICH SUBVERTED THE GOALS UNDERLYING THE PTI PROGRAM.

A-5488-16T3

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). In determining whether to admit a defendant into PTI, a prosecutor must "make an individualized assessment of the defendant considering [the defendant's] amenability to correction and potential responsiveness to rehabilitation." Id. at 621-22 (citations and internal quotation marks omitted). "A determination for suitability and participation in the PTI program must be made 'under the Guidelines for PTI provided in Rule 3:28, along with consideration of [the seventeen non-exhaustive] factors listed in N.J.S.A. 2C:43-12(e).'" Rizzitello, 447 N.J. Super. at 311 (quoting Roseman, 221 N.J. at 621).

However, "PTI is essentially an extension of the charging decision, [and] therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function,'" Roseman, 221 N.J. at 624 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)), over which a prosecutor exercises "broad discretion," State v. K.S., 220 N.J. 190, 199 (2015). "Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI

to augment, not diminish, a prosecutor's options."  Nwobu, 139 N.J. at 246

(quoting State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993)).

A court's review of a prosecutor's decision denying a defendant admission

into PTI is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003).  Reversal of

a prosecutor's decision is limited to only "those cases where needed 'to check [ ]

the most egregious examples of injustice and unfairness.'" State v. Lee, 437 N.J.

Super. 555, 563 (App. Div. 2014) (internal quotation marks omitted) (quoting

Negran, 178 N.J. at 82).

"Trial courts may overrule a prosecutor's decision to accept or reject a PTI

application only when the circumstances '"clearly and convincingly establish that

the prosecutor's refusal to sanction admission into the program was based on a patent

and gross abuse of . . . discretion."'"  Roseman, 221 N.J. at 624-25 (citations

omitted); see also R. 3:28-6(b)(1).  To establish a patent and gross abuse of

discretion, a defendant must establish by clear and convincing evidence that the

prosecutor's rejection decision:

> (a) was not premised upon a consideration of all
> relevant factors, (b) was based upon a consideration of
> irrelevant or inappropriate factors, or (c) amounted to a
> clear error in [judgment]. . . . In order for such an abuse
> of discretion to rise to the level of "patent and gross," it
> must further be shown that the prosecutorial error
> complained of will clearly subvert the goals underlying
> Pretrial Intervention.

7

[Rizzitello, 447 N.J. Super. at 313 (quoting Roseman, 221 N.J. at 625).]

A defendant must establish that the prosecutor's decision "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." State v. Watkins, 193 N.J. 507, 520 (2008) (citation omitted).

Measured against this standard and based on the record, we discern no abuse of discretion in the prosecutor's rejection of defendant's PTI application, let alone a patent and gross abuse of discretion. See Roseman, 221 N.J. at 625. We are therefore convinced the court correctly rejected defendant's challenge to the prosecutor's decision denying defendant admission into PTI.

Defendant argues the OCPO's decision constituted a patent and gross abuse of discretion because it was not based on an individualized assessment of defendant and his personal factors demonstrating his amenability to rehabilitation. Defendant argues that although the OCPO relied on seven of the statutory factors enumerated in N.J.S.A. 2C:43-12(e), its decision constituted a patent and gross abuse of discretion because it "based its decision predominately on the nature and facts of the case."

The OCPO is "expected, in the appropriate exercise of [its] discretion over PTI that is subject to judicial review, to examine all pertinent facts and evidence

8

presented bearing on the PTI criteria, including the 'nature of the offense,' N.J.S.A. 2C:43-12(e)(1), and the 'facts of the case,' N.J.S.A. 2C:43-12(e)(2)." Lee, 437 N.J. Super. at 568. The OCPO fulfilled that expectation here. We find no abuse of discretion in the OCPO's reliance on the circumstances surrounding defendant's commission of the crimes, or the nature of his offenses, to support its determination that the value of supervisory treatment was outweighed by the need for prosecution, the harm to society by abandoning criminal prosecution outweighed the benefit to society of supervised treatment and the needs of the victim and society required prosecution. The weighing process required to assess these factors is necessarily dependent on the facts surrounding the commission of defendant's crimes, as well as the nature of the charges against him. Those facts included defendant's possession of a stolen police officer's shotgun in a motel where heroin was distributed and defendant purchased and used heroin. The OCPO properly considered that defendant unlawfully possessed a stolen weapon under those circumstances to support its rejection of his PTI application. See, e.g., State v. Motley, 369 N.J. Super. 314, 321-23 (App. Div. 2004) (finding law enforcement policy concerning need to prosecute individuals possessing unlawful assault weapons under circumstances permitting their use or misuse supports decision denying PTI admission).

A-5488-16T3

In addition, the OCPO did not rely exclusively on the facts of the case or the nature of the offenses in its finding and analysis of the factors supporting its decision. For example, in its assessment of the motivation and age of the defendant, N.J.S.A. 2C:43-12(e)(3), the OCPO noted defendant's history of substance abuse and multiple admissions to a treatment center "for short periods of treatment," but found defendant lacked motivation because he failed to comply with "the latest recommendation" that he "attend and complete" a Salvation Army program, "and the State has no documentation of defendant doing so."

Defendant argues the OCPO's reliance on his purported lack of motivation is contradicted by evidence showing he participated in drug treatment subsequent to his arrest and took other steps, including removing himself from the living situation he contends resulted in his criminal conduct. As noted, however, the OCPO acknowledged defendant participated in multiple short-term treatment programs, but found he lacked motivation because he failed to follow the most recent recommendation for treatment. Defendant did not dispute the recommendation was made or that he failed to comply with it. OCPO's reliance on defendant's lack of motivation as a factor is therefore fully supported by the record.

A-5488-16T3

Defendant also argues the OCPO could not properly rely on the possible effect of his admission to PTI on the prosecution of Francis as a factor under N.J.S.A. 2C:43-12(e)(16) supporting its rejection decision. He claims his admission to PTI could not affect Francis's prosecution because Francis was admitted to PTI and "was not prosecuted." The claim is undermined by the record.

Defendant and Francis were each charged with third-degree theft by receiving stolen property and third-degree unlawful possession of a weapon based on the shotgun recovered from their motel room. Defendant's admission to PTI prior to the resolution of Francis's charges would have permitted defendant to claim sole possession of the shotgun without fear of any further prosecution, thereby adversely affecting the State's ability to pursue its theory of culpability against Francis—that he and defendant jointly possessed the shotgun.

Francis's 2017 PTI admission occurred almost two years after the 2015 rejection of defendant's PTI application and his guilty plea and sentencing. Thus, when the OCPO rejected defendant's PTI application, it was actively prosecuting Francis and, as noted, defendant's admission into PTI would have adversely affected that prosecution. The OCPO's reliance on the factor enumerated in N.J.S.A. 2C:43-12(e)(16) is supported by the record.

We reject defendant's contention the OCPO failed to consider all of the relevant factors. Where, as here, the prosecutor provides a written statement of reasons for its decision, it is presumed the prosecutor considered all of the relevant factors, absent proof by the defendant to the contrary. Wallace, 146 N.J. at 584. "That presumption makes it difficult to reverse a prosecutor's decision," State v. Baynes, 148 N.J. 434, 444 (1997) (citations omitted), and defendant makes no showing to overcome the presumption. To the extent defendant's argument may be construed to challenge the OCPO's weighing of the various factors, it is the responsibility of the prosecutor, and not the court, to "weigh the various factors and to reach a determination." Wallace, 146 N.J. at 586.

Defendant has not satisfied his heavy burden of showing the OCPO's decision could not have been reasonably made upon a weighing of the relevant factors. See Nwobu, 139 N.J. at 254. He does not demonstrate the OCPO failed to consider the relevant factors, considered irrelevant or inappropriate factors or that its rejection decision constituted a clear error in judgment, a patent and gross abuse of discretion or is "so wide of the mark sought to be accomplished by PTI that fundamental

fairness and justice require judicial intervention." <u>Wallace</u>, 146 N.J. at 582-83 (citation omitted).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5488-16T3